# UNITED STATES COURT OF APPEALS *for the* *FIFTH* CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
**Jul 15, 2024**
FIFTH CIRCUIT

*In re Philip James Emerson, Jr.*,

*Petitioner.*

---

ORIGINAL PROCEEDING FROM
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
TYLER DIVISION, NO. 6:21-CV-240

---

## OUT OF TIME MOTION FOR RECONSIDERATION

---

P J EMERSON

*PRO SE PETITIONER—MOVANT*

112 RED LEAF LANE
HOLLY LAKE RANCH, TEXAS  75765
(512) 763-7775

**TO THE HONORABLE CIRCUIT JUDGES EDITH BROWN CLEMENT, KURT DAMIAN ENGELHARDT, AND IRMA CARRILLO RAMIREZ:**

Greetings!  Pursuant to the FEDERAL RULES OF APPELLATE PROCEDURE with FIFTH CIRCUIT RULES AND INTERNAL OPERATING PROCEDURES[1] relating post decision motions, I, Philip James Emerson Jr., a.k.a. P J Emerson, respectfully ask that the Court grant leave for me to move the Court out of time for reconsideration of its May 2, 2024, unpublished order.[2]  In support of the Court granting reconsidering its prior decision, and other relief asked for below, I show as follows:

## I.     TABLE OF CONTENTS

# Table of Contents

MOTION FOR RECONSIDERATION.................................................................1
I. TABLE OF CONTENTS...................................................................................2
II. TABLE OF AUTHORITIES.............................................................................3
III. CERTIFICATE OF INTERESTED PERSONS....................................................4
IV. FACTS IN SUPPORT GRANTING RELIEF....................................................8
V. REASONS FOR GRANTING LEAVE..............................................................9
    EVERY PROPERTY OWNER OWNING LAND IN THE HOLLY LAKE RANCH
       DEVELOPMENT IS BEING DENIED THE BENEFIT OF RES JUDICATA...............9

---

[1]Federal Rules of Appellate Procedure (Effective July 1, 1968, as amended to December 1, 2023), Fifth Circuit Rules and Internal Operating Procedures (IOP) (As amended through February 2024).

[2]The Court's unpublished order is attached as Exhibit 6-27_B to my declaration dated June 27, 2024, attached to my MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR RECONSIDERATION, OR PETITION FOR PANEL REHEARING OR PETITION FOR REHEARING EN BANC, OR BOTH, attached as Exhibit Jul-2 to my MOTION FOR RECONSIDERATION filed in case number 24-40170.

THE COURT'S MAY UNPUBLISHED ORDER FAILS TO RECOGNIZE THE
    COURT'S AUTHORITY TO REQUIRE BANKRUPTCY PROCEEDINGS BE
    RE-OPENED WHEN FRAUD ON THE COURT IS DISCOVERED........................14

THE COURT'S MAY UNPUBLISHED ORDER FAILS TO RECOGNIZE MY
    EQUITABLE RIGHT TO REAL AND PERSONAL PROPERTY............................15

IDENTIFICATION OF PANEL OVERLOOKS & MISAPPREHENSIONS........17

    OVERLOOKED POINTS OF FACT.............................................................17

    OVERLOOKED POINTS OF LAW..............................................................21

VI. CERTIFICATE OF COMPLIANCE............................................................23

VII. PROOF OF SERVICE................................................................................25

## II.    TABLE OF AUTHORITIES

### FEDERAL RULES

Federal Rules of Appellate Procedure with Fifth Circuit Rules and Internal
Operating Procedures....................................................................................2
Civil Procedure Rule 60(b) ..........................................................................14

### FIFTH CIRCUIT

Hendrick v. Avent, 891 F.2d 583 (5th Cir. 1990)......................................14
Nilsen v. City of Moss Point, Miss., 701 F.2d 556 (5th Cir. 1983).........14
In re Willy, 831 F.2d 545, 549 (5th Cir. 1987).........................................20
Moye v. Clerk, DeKalb Cnty. Super. Ct., 474 F.2d 1275, 1276 (5th Cir. 1973)......21
In re Gee, 941 F.3d 153, 157 (5th Cir. 2019).............................................21
Lucio v. Lumpkin, 987 F.3d 451, 464-65 (5th Cir. 2021)........................22

### TEXAS CONSTITUTION

Article IV, Section 22...................................................................................12

### TEXAS STATUTES

Penal Code § 1.07(a)(35)(A)........................................................................15
Business & Commerce Code § 26.01...........................................................16

### TEXAS SUPREME COURT

River Plantation Cmty. Improvement Ass'n v. River Plantation Props., No. 22-0733
(Tex. June 14, 2024)......................................................................................11
Nagle v. Nagle, 633 S.W.2d 796 (Tex. 1982)............................................16

Hooks v. Bridgewater, 111 Tex. 122 (Tex. 1921)......................................................16

## III. <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned certifies that the persons and entities listed in the two columns below, as described in the fourth sentence of 5th Cir. R. 28.2.1, have an interest in outcome of this case.

| INTERESTED PERSONS | |
| --- | --- |
| The Holly Lake Ranch Association, Inc. | Orange Lake Country Club, Inc. |
| Cerberus Capital | Silverleaf Resorts, Inc. |
| Robert Mead | Holiday Inn Vacation Resorts, Inc. |
| Adam Ehlert | Jeff Wilson |
| Eric Eitel, *the Estate of* | Jim Horn |
| Robert James | Robert Levy, *the Estate of* |
| Lynnwood Champion | Jordan Case (5020 York Lane, Plano, Texas 75093) |
| Jerry Key | Warren Blesh |
| Greg Demko | Larry Bowman |
| Belinda Flowers | Monica Milbradt |
| Hartzel Black | Liberty Utilities (Silverleaf Water) LLC |
| Rebecca Hitt (17446 Tintail Drive, Flint, Texas 75762) | Jim Atchley (195 Brazos Bend, Holly Lake Ranch, Texas 75765) |
| James McBride (220 Holly Lodge Circle, Holly Lake Ranch, Texas 75765) | Michael Hall (18270 Singingwood Lane, Flint, Texas 75762) |
| Garland Ford (340 Dogwood Trail, Holly Lake Ranch, Texas 75765) | Jane McMillan (1823 South Farm-to-Market Road 2869, Big Sandy, Texas 75755) |

Larry Bowman (1081 Greenbriar Trail, Holly Lake Ranch, Texas 75765)

Jeanette Sterner (312 Ox Bow Cove, Holly Lake Ranch, Texas 75765)

Jeriann Bayley (1099 Greenbriar Trail, Holly Lake Ranch, Texas 75765)

Greg Demko (171 Golf Drive, Holly Lake Ranch, Texas  75765)

Danny Ouimet (115 Raton Pass, Holly Lake Ranch, Texas  75765)

John Sparks (124 Bobwhite Lane, Holly Lake Ranch, Texas  75765)

Greg Bowen, Owner of J G Bowen & Associates

Steven Burns

Fenlaw -  Licensee Assigned to J G Bowen & Associates (also works at the Holly Lake Ranch Association, Inc., doing business as "Holly Lake Ranch Security Department"

Shawn Moline

Joshua Daniel Lewis

Erica Thompson

Tommy King

Paul Henderson

Jerry Nunnally

Jason LeClair

Algonquin Power Fund (America) Inc.

Geoffrey P. Kirshbaum

Ian Robertson

Mathew Garlick

Charles Ashman

Algonquin Water Resources of Texas, LLC

Crystal Greene

Nico De Boer

Nestle Corp. (Ozarka)

The Estate of Lawrence Meek (Red Leaf Lane, Holly Lake Ranch, Texas  75765)

Curtis, Alexander & Mccampbell, P.C. (P.O. Box 38 Emory, Texas 75440)

Son of Lawrence Meek

Craig Daugherty

Andrew P. Speicher

Linebarger Goggan Blair &

G. Timothy Boswell

| | |
|---|---|
| Sampson, LLP (2700 Vía Fortuna Austin, Texas  78746) | |
| Mark Zeppa | Robert Davis |
| Celia Flowers | James Wheeler |
| Angela Albers | Brandon Baade |
| | J. Brad McCampbell [hereafter *Loc. Admin. J. J. B. McCampbell* or *J. J. B. MCCAMPBELL*, depending on hat worn] |
| Shauna Key & Gregory Dean Key (132 Pinewood Court, Holly Lake Ranch  Texas 75765) | |
| Kristina Horn | Jeff Fletcher |
| | Alfonso Charles [hereafter *ACTIVE J. CHARLES* or *ADMIN. P. J. CHARLES*, depending on hat worn] |
| Patrick Daley | |
| Joseph Fenlaw | Jay Blint |
| Richard Brand | Doug Parks |
| Jim L. Lambeth (1517 West Front Street, Suite 202 Tyler, Texas  75702) | Lea Proudfoot Miller, *non-attorney under supervision of Att'y Richard Brand* |
| Lance Erickson (4340 North Central Expressway, Suite 200, Dallas, Texas  75206) | Jack Manning (4340 North Central Expressway, Suite 200, Dallas, Texas  75206) |
| Ricka Martin-Tijerina | Laura M. Cabutto |
| Casey Meyers (4340 North Central Expressway, Suite 200, Dallas, Texas  75206) | Charles Clark |
| Kelly Cole (402 South Stephens Street, Quitman, Texas 75783) | Thomas Castloo |
| Kelley Price | Kevin White |
| Suzy Wright | Donna Huston |
| Tony Gilbreath | Jerry Parker |
| Carol Taylor (301 East Goode | Constable John McQueen |

| | |
|---|---|
| Street, Quitman, Texas 75783) | |
| Sue Clem (117 East Blackbourn Street, Hawkins, Texas 75765) | Susan Perez |
| Deputy Bonnie Sepulvado | Deputy Chilsen |
| Deputy Carrie Hunt | Deputy Andrew Rapp |
| Deputy Rapp (father) | 3 Unknown WCSO Deputies |
| Deputy Holland (Constable elect, Pct. 2) | Deputy Heather Bailey |
| Deputy Morrison | 1 Unknown Dispatchers WCSO |
| Deputy Bradley Cox | Deputy Pollard |
| Deputy Delton Graves IV | Deputy Miller |
| David Brown | Danyale Madren |
| Deputy Way | Deputy Jeremy Ragsdale |
| Deputy Croney | Dispatcher Hunter |

**INTERESTED PERSONS – *OTHER***

| | |
|---|---|
| Fred Riter (469 West Clark Street, No. 20, Canyon Lake, Texas 78133) | James C. & Cindy Steed |
| Dianne L. Weaver | |

## IV.     FACTS IN SUPPORT GRANTING RELIEF

1.     On the 17th day of May 2024, the Clerk of the Court, by and through

his deputy, delivered to me an email notification stating that no action would be

taken on my motion for panel rehearing.  *See* Exhibit 6-27_A, *attached to* Exhibit

Jul-2_A, *attached to* DECLARATION SUPPORTING MOTION FOR

RECONSIDERATION by me, *appended to* MOTION FOR

RECONSIDERATION of Petitioner (me) (5th Cir. Jul. 5, 2024) (delivered to the

Court Jul. 5, 2024 via pro_se@ca5.uscourts.gov), *attached as* Exhibit Jul-7_A *to*

8

*my declaration attached hereto as* Exhibit Jul-7;[3] *see also* Exhibit Jul-7_B (printing sent email delivering Exhibit Jul-7_A).

2.　　On the 5th day of July 2024, the Holly Lake Ranch Association, Inc., supplied the state district court with a proposed order seeking to strike and seal particular, and purported, filings in the removed case (2020-059).

3.　　As of the date and time this motion was delivered to the Clerk of the Court, the district court has not:

　　3.a.　　Entered an indicative ruling on my Rule 62.1 motion;[4] nor,

　　3.b.　　Ruled on my Rule 60(b)/Rule 60(d) motion overlying this case.[5]

## V.　　REASONS FOR GRANTING LEAVE

### EVERY PROPERTY OWNER OWNING LAND IN THE HOLLY LAKE RANCH DEVELOPMENT IS BEING DENIED THE BENEFIT OF RES JUDICATA

1.　　It is hot outside.  And but for air conditioning, it would be hot inside too.  As a result of this common knowledge, swimming pools were contemplated, designed, and created historically.  Some folks call them "cement ponds."  The Beverly Hillbillies Cement Pond, https://www.youtube.com/watch?

---

[3]Reference to an attachment hereafter is by identifying the exhibit, docket number, or page number; unless otherwise noted.

[4]*See* Exhibit Jul-2_E (showing motion for "Preliminary Injunction Pending Appeal" filed Jan. 18, 2024).

[5]Dkt. #70-2.

v=v3c9upXVQ0M.  The Holly Lake Ranch development in Wood County, Texas, has three cement ponds available for lot owner use.  In fact, lot owners in the several Holly Lake Ranch subdivisions were enticed with buying the property with the full force of law by judgment of a Texas court in a controversy that was fully and fairly adjudicated.  *See* Jul-7 (declaring to facts); Jul-7_A (supplying "Table of Archived Web Pages" with PDF printouts and screen clips of www.hollylakeranch.com of specific dates between 2001 to 2022).

2.      The promise I, and others relied on, unambiguously stated: "All amenities are free (to property owners) except the following: 1) Golf - annual memberships are available or pay per round. See 'Golf' page for pricing[;] [a] small fee is required when reserving meeting rooms - check with the Administration Office for details."

3.      More specifically, lot owners in 1988 sued based on arbitrary and capricious control of a Texas non-profit by a for-profit corporation.  Exhibit 47.  The judgment purports to settle the controversy, but the Holly Lake Ranch Association, Inc., and its operators, mislead lot owners in that lot owners are not authorized to use the amenities on property lot owners have used for years.

4.      Take me for example.  I own property in the Holly Lake Ranch development in Wood County, Texas.  The certified copy of the judgment attached

hereto specifically speaks to using a pool and other facilities stating: "IT IS FURTHER ORDERED that the property owners shall have the right to use such new amenities." *Id.* Like the advertisements, and developer intent, that 4,300 acres of "heavily wooded acres in Wood County, Texas," be set aside for lot owner use and enjoyment, similar promises were made by the Holly Lake Ranch Association, Inc., to prospective interstate buyers as the non-profit was controlled by the for-profit organization subject to the judgment. In 2005, it was advertised by Orange Lake's predecessor that:

4.a.    4,300 acres was available to the community;

4.b.    2 basketball courts are available to an owner of one of the 3,342 lots in the community;

4.c.    3 swimming pools are available to an owner of one of the 3,342 lots in the community;

4.d.    2 putt-putt golf courses are available to an owner of one of the 3,342 lots in the community;

4.e.    An archery range are available to an owner of one of the 3,342 lots in the community; and among other amenities,

4.f.    A camp ground is available to an owner of one of the 3,342 lots in the community.

I was one of the buyers of land that relied on the 2005 advertisement to the world. *See, e.g.*, *River Plantation Cmty. Improvement Ass'n v. River Plantation Props.*, No. 22-0733, at *13 (Tex. June 14, 2024) (implying that "Section 2.10 of the Restatement" might be available if asked for); *see also, e.g.*, *id.* at *12 ("enumerating the [] elements of an implied 'equitable servitude by estoppel' as: (1) either an express or implied representation is made; (2) under circumstances where it is reasonably foreseeable that the person to whom the representation is made will rely on it; (3) the person does so rely; (4) such reliance is reasonable; and (5) the establishment of a servitude is necessary to avoid injustice").

5.     But earlier this year, the Holly Lake Ranch Association, Inc., the non-profit entity operated by the developer, the Holly Lake Development Company, conspired with a third-party to deny lot owners use of all the amenities described above—continued to be advertised to the world in 2008, 2009, 2011, 2013, 2014, and 2022.  Today, no trespassing signs adorn the fence surrounding the third pool talked about in the 1990 judgment.  As such, an order from the Court is necessary to maintain the status quo providing for my use of the swimming pool, 4,300 acres, and other amenities a Texas judge found appropriate to reduce to judgment.  I respectfully ask that the Court enter that order forthwith—irreparable harm is presumed since the controversy deals with use of land, public policy favors finality

in judgments that were of the result of full and fair administration, and no party is prejudiced since this is what everyone privy to the subject matter bargained for. The order is necessary for these reasons; and just as important, because (a) the fees collected to use the streets set aside for Holly Lake Ranch Development property owner use amount to an impermissible toll under Texas law, and because (b) our Attorney General refuses to exercise his duty under the Texas Constitution. *See, e.g.*, TEX. CONST., ART. IV, § 22 (commanding the Texas Attorney General to "take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power or demanding or collecting any species of [] tolls . . . not authorized by law"). To be sure, I directly address each element a Texas court would look to in addressing whether estoppel is appropriate.

6.   First, the attachments provided show whether an an express or implied representation was made—and here, the express representation was made over a course of years on the world-wide web. Among those representations, amenities are free of charge. But the Holly Lake Ranch Association, Inc., and the Wood County Sheriff operate the streets in the community as toll roads; wherein, it is the local government's policy to make me pay criminally because I do not choose to voluntarily contribute money to something I need not. Moreover, the representation was not just made through the internet, Texas law imposed on me

that I was on constructive notice of the judgment's effect on my use of amenities in the community because the Holly Lake Ranch Association, Inc., filed the judgment in the real property records of Wood County.

7.    In 2005, there was no requirement that a property owners' association administer an internet web site.  Given that the catch phrase on the website describing the amenities and acres of land available to use and enjoy is "Holly Lake Ranch, Texas, a perfect retirement community or a great place to raise a family,"  any reasonable person would find it foreseeable that takers would rely on the assertions.

8.    I relied on the statements, my mother Dianne L. Weaver relied on the statements, and others I know like Nina Dowd Ringly relied on similar statements. And relying on the factual assertions are obviously reasonable since I used and enjoyed the full 4,300 acres for years, and I used and enjoyed all of the pools, all of the basketball courts, etc., up and until Jim Wheeler and Robert James decided to criminalize the use.  Last, the establishment of a servitude is necessary to avoid injustice because the right to use express easements is a fundamental right that can only be taken away with unanimous consent.

9.    On the 13th day of July 2024, the police came to my home, called several times, and texted.  Kelly Cole's personnel would not disclose the

reasoning.  *See* Picture of Text messaging, and PDF Printouts of email notifications of calls.

10.    This morning, I have seen the Wood County Sheriff's vehicle circling through the subdivision my home is within.

**THE COURT'S MAY UNPUBLISHED ORDER FAILS TO RECOGNIZE THE COURT'S AUTHORITY TO REQUIRE BANKRUPTCY PROCEEDINGS BE RE-OPENED WHEN FRAUD ON THE COURT IS DISCOVERED**

11.    The elements of res judicata in this Circuit are well-settled.  *See Hendrick v. Avent*, 891 F.2d 583, 585 (5th Cir. 1990) (quoting the en banc Court in *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983)).  Here, it is the first recited element that enables application of the doctrine of law codified at Rule 60(b) of the Federal Rules of Civil Procedure—the lack of identical parties. In the bankruptcy proceeding instituted by Kristina Horn, the bankruptcy court was lied to.  She failed to disclose her housing debt associated with leasing land for her fifth-wheel home.  That debt is directly associated, as the March 2023 dunning letter indicates, with a trade for some of the property disclosed to the bankruptcy court.  But when you have the local sheriff sticking his nose into matters outside his scope of authority, it makes going to the court for relief a bit problematic.  This,

especially when the result of the sheriff's interference effectively puts one in a prison.

### THE COURT'S MAY UNPUBLISHED ORDER FAILS TO RECOGNIZE MY EQUITABLE RIGHT TO REAL AND PERSONAL PROPERTY

12.   Speaking directly to the interference by the sheriff in an administrative matter concerning abandoned property, the sheriff illegally issued criminal trespass warnings to me and Dianne L. Weaver on different dates.  The fail, however, because Texas courts read the governing statutes and apply them as written.  For example, under Texas law, an "owner" is "a person who . . . has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."  TEX. PENAL CODE § 1.07(a)(35)(A). The property at issue is in my possession—and has been in my possession since the inception of the entity claiming ownership to the property: Grapevine Partnership (Feb. 2023).  Prior to the partnership's possession, Mr. Fred Riter possessed the property.  *See* Sheriff's Report (stating K. Horn admits to not having been to the property for years).  For over a year, I have maintained electricity and water service on the property located at 139 Grapevine Lane.

13.   In addition, the sheriff never had effective consent.  Ms. Horn didn't call the police—the Holly Lake Ranch Association, Inc., personnel did.  This, in its

continued effort to (a) use criminal law to harm me, and (b) keep the truth from being known. *See* Exhibit Jul-7_D (asking the state-district court to seal documents). As a result, police took it upon themselves to adhere to its policy targeting me from speaking about lot owner rights and local government's disdain for landowner rights.

14. Furthermore, Texas's in-writing requirement doesn't help police or Ms. Horn. TEX. BUS. & COM. CODE § 26.01. This is because the exception to Texas's statute of frauds lends in the favor of the partnership I am a party to. *See Nagle v. Nagle*, 633 S.W.2d 796, 799 (Tex. 1982) (reminding of the exception to the rule as the state's highest court announced in *Hooks v. Bridgewater*, 111 Tex. 122, 123–24 (Tex. 1921)). Enforcement here would be approving of the fraud Ms. Horn attempts to commit.

15. That I have made a prima facie showing of a superior right to the property, and have alleged a plausible scenario whereby police had no consent by any owner supported with evidence, the Court should enjoin police from executing its illegally issued criminal trespass warnings. Because the Holly Lake Ranch Association, Inc., is not a party to the alleged contract, the Court should enjoin it from interfering with my right to use and enjoy property.

## **IDENTIFICATION OF PANEL OVERLOOKS & MISAPPREHENSIONS**

## <span style="font-variant: small-caps;">Overlooked Points of Fact</span>

16.  The Court pointed out in its May 2 *UNPUBLISHED ORDER*, that "[i]n June 2023, the district court dismissed the petition, concluding that Emerson's challenges to the charges could be raised in the state criminal proceedings and that federal intervention was inappropriate."[6] The Court, in expressing the district court's action and conclusions, overlooked the facts that:

16.a.  The *original* petition in case number 6:21-CV-240-JDK-KNM was a suit in habeas corpus seeking relief from unlawful restraints of personal liberty *beyond* state criminal proceedings. At the time of filing, I was represented by counsel; and, the case was referred to Magistrate Judge K. Nicole Mitchell [hereafter *MAG. J. MITCHELL*].[7] The four criminal actions included in the original petition were abated in July 2021 "until the boundary lines to the defendant's land are determined by a federal judge." Exhibit 28. *But cf.* Exhibit 29 (demanding cash for unadjudicated cases).

---

[6] *In re Philip James Emerson, Jr.*, No. 24-40107 *UNPUBLISHED ORDER* Document: 45-2 PP. 2 (5th Cir. May 2, 2024), *attached hereto as* "Exhibit 2." 5TH CIR. R. 40.2.

[7] *See* Exhibit 19 (documenting "06/16/2021 District Judge Jeremy D. Kernodle and Magistrate Judge K. Nicole Mitchell added"; "06/17/2021 CASE REFERRED to Magistrate Judge K Nicole Mitchell"). *But cf.* CLARK, C.J., G.O. NO. 16-10, *RE: DIVISIONAL ASSIGNMENT AND APPORTIONMENT OF CASES AMONG UNITED STATES MAGISTRATE JUDGES* (Sep. 1, 2016) (ordering "that matters referred and assigned to United States Magistrate Judges in this district shall be directed and apportioned" to "Hon. Nicole Mitchell = 50% . . . Pro Se Non-Prisoner"), *attached hereto as* "Exhibit 6.1," *available at* https://www.txed.uscourts.gov/sites/default/files/goFiles/16-10.pdf.

16.b.   The original petition was thereafter amended in accord with Title 28 Section 2242 of the United States Code and Rule 15(a) of the Federal Rules of Civil Procedure.[8]  It was filed together with a motion for leave to exceed the page count—as required by district court local rule.[9]  *MAG. J. MITCHELL* did not rule on a motion for leave to file the amended original petition exceeding page count limitation set by local rule.[10]

---

[8] 28 U.S.C. § 2242; FED. R. CIV. P. 15(a)(1)(B); s*ee Mayle v. Felix*, 545 U.S. 644, 656 (2005) (recognizing general applicability of Rule 15 to habeas petitions); *Philip Emerson v. Jerry Parker, Janae Holland, Holly Lake Ranch Association, Inc., Anglea Albers*, No. 6:21-CV-240-JDK-KNM, *ORDER* Document 25 (E.D. Tex. Mar. 14, 2023) (ordering Albers to respond to non-amended pleadings by May 1, 2023), *attached hereto as* "Exhibit 12."

[9] E.D. TEX. LOC. RULE CV-3(b) (providing: "Absent leave of court, 28 U.S.C. § 2241 . . . habeas corpus petitions . . .shall not exceed thirty pages in non-death penalty cases . . excluding attachments.), *appended hereto at* "Exhibit 6."

[10] A motion under 5TH CIR. RULE 27.1.12 could not be tendered as there is no record on the former appeal (24-40004) underlying this mandamus action.  *See* LYLE W. CAYCE, 5TH CIR. CLERK, *by:* REBECCA L. LETO, DEP. CLERK, *Docketing Ltr* Doc.: 2-2 PP. 1 (Feb. 19, 2024) (stating:

> We have docketed the petition for writ of mandamus . . . and ask you to use the case number above in future inquiries, **as a petition for writ of mandamus is docketed as a new, separate case and not docketed in your current, pending case – 24-40004.**

) (emphasis in original), *attached hereto as* "Exhibit 3"; *cf.* LYLE W. CAYCE, 5TH CIR. CLERK, *by:* REBECCA L. LETO, DEP. CLERK, *Dismissal Ltr* Doc.: 36-2 PP. 1–2 (Mar. 12, 2024) (dismissing appeal even though the clerk possessed the financial affidavit per RULE 24(a)(5), FED. R. CIV. P.), *attached as* "Exhibit 4.".  *But see Emerson v. Jerry Parker, et al.*, No. 24-40004, Document 19 (Feb. 6, 2024) (providing financial affidavit).

16.c.   The abatement of the nuisance in 2019, the gate, was in accord with Texas law.[11]  At no time in the underlying case did I, nor *Albers*, consent to *Mag. J. Mitchell* presiding over the case.[12]  *Mag. J. Mitchell* denied a sanctions motion instead of referring it the district judge.

17.   On page 2 of the Court's *UNPUBLISHED ORDER,* the Court described the petition as "purported"; stating further that "[t]he magistrate judge ordered Emerson to file an amended complaint."  The Court, in expressing the district court's action and conclusions, overlooked the facts that:

---

[11] *Compare* Brief of Appellant at 19–27, *Ex parte: Philip J. Emerson Jr.*, No. 06-20-00085-CR 19–27 (Tex. App.—Texarkana Nov. 12, 2020, no. pet.) (mem. op. not designated for publication) (providing same arguments in 3 other appeals: 06-20-00086-CR thru 06-20-00088-CR; referencing Tex. courts protecting the rights of landowners & owners of interests in land granted by express easement), *available at* https://tinyurl.com/4j436apb, *with Ex parte: Philip J. Emerson Jr.*, Nos. 06-20-00085-CR thru 06-20-00088-CR (Tex. App.—Texarkana Nov. 12, 2020, no. pet.) (mem. op. not designated for publication) (omitting reference to the language on the only document submitted as evidence—a recorded instrument granting express easement that was approved of by Texas—the plat map), *attached hereto as "*Exhibit 21," No. 06-20-00085-CR *available at* https://tinyurl.com/4j436apb, *second application tendered to 402nd dist. j. under Tex. Code Crim. P. § 11.59*, McCampbell, Loc. Adm. J., *ORDER DENYING PERMISSION TO FILE* (Oct. 2021), *attached hereto as* "Exhibit 22," *application made to Tex. Ct. Crim. Apps.*, Ct. Crim. Apps. Tex., No. WR-89,977-02, *OFFICIAL NOTICE* (Dec. 22, 2021) (denying motion for leave to file petition), *attached hereto as* "Exhibit, *& Ex parte: Philip J. Emerson Jr.*, Nos. 06-20-00085-CR  at 7–8 (justifying its mem. op. with: "Adequate Remedies at Law Exist" such as challenging "facts supporting a finding of probable cause . . . that can be resolved via a suppression motion").

[12] *Accord Glover v. Alabama Board of Corrections,* 660 F.2d 120, 124 (5th Cir. 1981) (consent in 28 U.S.C. 636(c) context must be explicit); *cf.* Exhibits 7, 8 (exceeding authority without consent or referral).

17.a.   The *original* petition in case number 6:23-CV-453-JCB-KNM was a suit in habeas corpus seeking relief from unlawful restraints of personal liberty.  At the time of filing, I was not represented by counsel; and, the case was referred to MAG. J. MITCHELL.[13]  It was made on a court sanctioned form.  MAG. J. MITCHELL'S order required me to fill out a different complaint form promulgated for use in a suit other than for release from unlawful confinement or custody.

18.   Also on page 2,  the Court sees things as if I filed the mandamus petition.  The Court overlooked the fact that the Clerk filed my motion as a new case.  *See supra* n. 6 (describing docketing letter).

## OVERLOOKED POINTS OF LAW

19.   On page 2 of the Court's *UNPUBLISHED ORDER*, the Court quoted *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987) for the general proposition that "[m]andamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases."  On page 3 of the Court's *UNPUBLISHED ORDER*, the Court quoted *Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) for the proposition that federal courts lack "the general power to

---

[13]   *See* CLARK, C.J., G.O. NO. 16-10,  *RE: DIVISIONAL ASSIGNMENT AND APPORTIONMENT OF CASES AMONG UNITED STATES MAGISTRATE JUDGES* (Sep. 1, 2016) (ordering "that matters referred and assigned to United States Magistrate Judges in this district shall be directed and apportioned" to "Hon. Nicole Mitchell = 50% . . . Pro Se Non-Prisoner"), *available at* https://www.txed.uscourts.gov/sites/default/files/goFiles/16-10.pdf.

issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." The Court, in expressing these general statements of law overlooked cases concluding otherwise.

19.a.   For one, had the Clerk of the Court not erroneously dismissed case number 24-40004, this proceeding would be ancillary to an appeal properly before the Court. "Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *In re Gee*, 941 F.3d 153, 157 (5th Cir. 2019); *see id.* (citing 28 U.S.C. § 1651(a)).   Under this theme, the Clerk denied the Court its jurisdiction to entertain the appeal.

19.b.   On another footing, federal courts supervise state courts. Like the Supreme Court said in *McClellan v. Carland*, 217 U.S. 268, 281 (1910), a federal court cannot "ABANDON[] ITS JURISDICTION OVER A CASE OF WHICH IT HAD COGNIZANCE, AND TURN THE MATTER OVER FOR ADJUDICATION TO THE STATE COURT." WHEN, AS HERE, NO STATE COURT I HAVE BEEN TO HAS FOLLOWED ANY SORT OF LAW EXCEPT ITS OWN LAW. EACH DECISION ATTACHED HERETO OVERCOMES ANY BAR NORMALLY PROHIBITING THIS COURT TO ACT BECAUSE EVERY ONE WAS CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION

OF, CLEARLY ESTABLISHED FEDERAL LAW, AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES OR THE STATE COURT'S ADJUDICATION OF THE CLAIM RESULTED IN A DECISION THAT WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING. *SEE LUCIO V. LUMPKIN*, 987 F.3D 451, 464-65 (5TH CIR. 2021) (CITING 28 § 2254(D)(2)) (QUOTATIONS OMITTED).

20.  For these points, the Court should revisit the matters.

Respectfully submitted this 15th day of July 2024,

_____

P J Emerson
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
(512) 763–7775          *Phone*
findpjemerson@gmail.com   *Email*

## VI.  CERTIFICATE OF COMPLIANCE

I, P J Emerson, the undersigned, certify that:

1.  This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this document contains less than 5,200 words, not counting the areas exempted, as determined by LibreOffice Writer Version: 7.6.6.3 (X86_64),

Build ID: d97b2716a9a4a2ce1391dee1765565ea469b0ae7 word processing software.

2. This document complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using LibreOffice Writer in Times New Roman (14-point).

Signed & Dated: July 15, 2024, by:

_____

P J Emerson
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
(512) 763–7775          *Phone*
findpjemerson@gmail.com   *Email*

## VII.   PROOF OF SERVICE

I, P J Emerson, the undersigned, certify that this document was served by electronic means on The Honorable United States District Judge Jeremy Kernodle (Jeremy_D_Kernodle@txed.uscourts.gov) and The Honorable Magistrate Judge Katie N. Mitchell (email address: nicole_mitchell@txed.uscourts.gov) in accord with Rule 25(c)(2) because, (1) the manner of service was via EFILETEXAS.gov, and (2) U.S. District Judge Kernodle and Magistrate Judge Mitchell consented to service through EFILETEXAS.gov when (a) each registered as filing users and (b) each is able to be found using the on the Public Service Contact List on the EFILETEXAS.gov platform.

I further certify that this document was served by electronic means on MR. CLERK CAYCE via the Fifth Circuit pro se email address (pro_se@ca5.uscourts.gov), and on the Honorable Judge J. Campbell Barker and MR. CLERK O'TOOLE by email to the deputy clerk of the court (gleith.mayfield@txed.uscourts.gov).

Signed & Dated: July 15, 2024, by:

_____

P J Emerson
112 Red Leaf Lane

Holly Lake Ranch, Texas  75765
(512) 763–7775           *Phone*
findpjemerson@gmail.com    *Email*

# UNITED STATES COURT OF APPEALS *for the* *FIFTH* CIRCUIT

*In re Philip James Emerson, Jr.*,

*Petitioner.*

ORIGINAL PROCEEDING FROM
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
TYLER DIVISION, NO. 6:21-CV-240

**Exhibit Jul-15**

**DECLARATION SUPPORTING MOTION FOR RECONSIDERATION**

_____

P J EMERSON

*PRO SE PETITIONER*

112 RED LEAF LANE

HOLLY LAKE RANCH, TEXAS  75765

(512) 763-7775

1.    I declare under the penalty of perjury that:

1.1.  I clipped or printed the electronic documents attached to this declaration to PDF using the computer used to create this declaration.

1.2.  The Texas Department of Public Safety has not responded to my complaint made on the 22nd day of June 2024.

1.3.  The Department of Health and Human Services responded to my appeal about the canceling of my health insurance.

1.4.  I have attached a Table of Exhibits to this declaration identifying the documents attached to this declaration in support of granting the motion for reconsideration this declaration is in support of.  In addition, the clerk separated my declaration attached to my motion for leave to file and filed it on or about the 8th day of July.

1.5.  Each statement of fact made herein is based on my personal knowledge and is true to the best of my knowledge.

Signed July 15, 2024.

_____

P J Emerson

112 Red Leaf Lane

Holly Lake Ranch, Texas  75765

(512) 763–7775                    *Phone*

findpjemerson@gmail.com    *Email*

| Exhibit | Description |
| --- | --- |
| Exhibit Jul-12 | July 12, 2024, Declaration of P J Emerson Supporting Reconsideration (24-40170) |
| Exhibit Jul-15_A | Text Messages w/ Police July 13, 2024 |
| Exhibit Jul-15_B | Emailed Notifications of Police Calls to Me July 13, 2024 |

# Exhibit Jul-12

Filed in Case
No. 24-40170
on July 12,
2024

# UNITED STATES COURT OF APPEALS *for the* *FIFTH* CIRCUIT

*In re Philip James Emerson, Jr.*,

*Petitioner.*

ORIGINAL PROCEEDING FROM
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
TYLER DIVISION, NO. 6:23-CV-453

**Exhibit Jul-12**

**DECLARATION SUPPORTING MOTION FOR RECONSIDERATION**

_____

P J EMERSON

*PRO SE PETITIONER*

112 RED LEAF LANE

HOLLY LAKE RANCH, TEXAS  75765

(512) 763-7775

1. I declare under the penalty of perjury that:

1.1. I received documents in the mail purporting to require lot owner participation in "Own[ing] the Ranch – Control[ling] Our Future." The documents are attached to this declaration. My mother also received the documents even though she is but a mere possessor of property given the eviction proceedings in 2023. The documents direct a person to the "HLRA website" to gain a "copy of the Contract." I went to the website this day (July 12, 2024) and could not locate the tab labeled "'Common Property Transfer'" on any page or linked page.

1.2. I printed the electronic documents attached to this declaration to PDF using the computer used to create this declaration.

1.3. The Texas Department of Public Safety has not responded to my complaint made on the 22nd day of June 2024.

1.4. The Department of Health and Human Services responded to my appeal about the canceling of my health insurance.

1.5. Local state officials supplied me with an order sealing and striking pleadings, filings, or otherwise that was signed on July 8, 2024, by an alleged disqualified judge.

1.6. PACER granted me a one-time credit of just under $170.00 in the late part of June, but informed me July 11, 2024, that I still owe the credited balance.

1.7.   I have attached a Table of Exhibits to this declaration identifying the documents attached to this declaration in support of granting the motion for reconsideration this declaration is in support of.

1.8.   Each statement of fact made herein is based on my personal knowledge and is true to the best of my knowledge.

Signed July 12, 2024.

_____

P J Emerson
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
(512) 763–7775                    *Phone*
findpjemerson@gmail.com    *Email*

| Exhibit | Description |
|---------|-------------|
| Exhibit Jul-12_A | Holly Lake Ranch Association, Inc., v. P J Emerson – Order Striking & Sealing Unknown Documents |
| Exhibit Jul-12_B | Holly Lake Ranch Association, Inc., Ballots for Lot Owners & Non-Lot Owners |
| Exhibit Jul-12_C | PACER CORRESPONDENCES |
| Exhibit Jul-12_D | U.S. Health & Human Services - Notice of Invalid Appeal |

# Exhibit Jul-12_A

Holly Lake Ranch
Association, Inc., v. P J
Emerson - Order
Striking & Sealing
Unknown Documents



## This is an order for Case/Envelope 2020-059; 89519809 (HOLLY LAKE RANCH ASSOCIATION, INC. VS. PHILIP J. EMERSON, JR., THE ESTATE OF ROBERT STEVEN MERRITT, & BARBARA FRANCES JOHNSON)

1 message

**no-reply@efilingmail.tylertech.cloud** <no-reply@efilingmail.tylertech.cloud>
To: findpjemerson@gmail.com

Mon, Jul 8, 2024 at 2:23 PM



# Order Action

Case Number: 2020-059
Case Style: HOLLY LAKE RANCH ASSOCIATION, INC. VS.
PHILIP J. EMERSON, JR., THE ESTATE OF ROBERT STEVEN
MERRITT, & BARBARA FRANCES JOHNSON

This is a notification that an action was taken on the submitted order.

| Document Details | |
|---|---|
| The order was Granted on 7/8/2024 2:23 PM CST | |
| Comments | |
| Filing Code | ORDER |
| Document | Download Document |
| Service Contacts | Holly Lake Ranch Association, Inc.: |
| | Craig Daugherty (craigd@daugherty.legal) |
| | Leigh McBride (lmcbride@rmwbh.com) |
| | Laura Cabutto (lcabutto@rmwbh.com) |
| | Stefanie Martinez (smartinez@rmwbh.com) |
| | Lance Erickson (lance@hoalegal.com) |
| | Marisa Santoyo (marisa@hoalegal.com) |
| | Jack Manning (jack@hoalegal.com) |
| | |
| | Philip J Emerson: |
| | Philip Emerson (findpjemerson@gmail.com) |
| | |
| | Fred Riter: |
| | Fred Riter (fred_riter@yahoo.com) |
| | |
| | Other Service Contacts not associated with a party on the case: |
| | Katie Mitchell (nicole_mitchell@txed.uscourts.gov) |
| | J. Kevin McClendon (kevin.mcclendon@usdoj.gov) |
| | Jeremy Kernodle (Jeremy_D_Kernodle@txed.uscourts.gov) |

Warren Paxton (Kenneth.Paxton@oag.texas.gov)

Amanda Ellis (amanda.ellis@henderson-county.com)

Lyle Cayce (pro_se@ca5.uscourts.gov)

Gleith Mayfield (gleith.mayfield@txed.uscourts.gov)


Dianne Lee Weaver:

Dianne Weaver (diannel.weaver@gmail.com)

For technical assistance, contact your service provider



Need Help? Help
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

Please do not reply to this email. It was automatically generated.

CAUSE NO. 2020-059

| | | |
|---|---|---|
| HOLLY LAKE RANCH ASSOCIATION, INC., | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § § | OF WOOD COUNTY, TEXAS |
| PHILIP J. EMERSON, JR., THE ESTATE OF ROBERT STEVEN MERRITT, & BARBARA FRANCES JOHNSON | § § § § § § | 402ND JUDICIAL DISTRICT[1] |
| *Defendants.* | | |

## <u>ORDER MOVING TO STRIKE AND SEAL CERTAIN DOCUMENTS FILED BY DEFENDANT PHILIP J. EMERSON</u>

On this day came to be heard Holly Lake Ranch Association, Inc.'s Motion to Strike the Demand and Certain Documents Filed by Defendant Philip J. Emerson (the "Motion to Strike").

The Court, having considered the Motion and supporting evidence, responses, and arguments of counsel, finds that the Motion is good and should be GRANTED. It is therefore, ORDERED that Defendant's Motion to Strike is GRANTED.

It is further ORDERED, the record be sealed with regard to the documents referenced in the Defendant's Motion to Strike.

---

Signed this <u>8th</u> day of <u>    July    </u>, 2024.

<u>J. Brad M<sup>c</sup>Campbell</u>
JUDGE PRESIDING

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Perez on behalf of Laura Cabutto
Bar No. 797102
sperez@mywoodcounty.com
Envelope ID: 89519809
Filing Code Description: ORDER
Filing Description: Order Moving to Strike and Seal Certain Documents
Filed by Defendant Philip J. Emerson
Status as of 7/8/2024 2:54 PM CST

Associated Case Party: Holly Lake Ranch Association, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Craig Daugherty | 5404300 | craigd@daugherty.legal | 7/8/2024 2:23:09 PM | SENT |
| Leigh McBride | | lmcbride@rmwbh.com | 7/8/2024 2:23:09 PM | SENT |
| Laura M.Cabutto | | lcabutto@rmwbh.com | 7/8/2024 2:23:09 PM | SENT |
| Stefanie Martinez | | smartinez@rmwbh.com | 7/8/2024 2:23:09 PM | SENT |
| Lance Erickson | | lance@hoalegal.com | 7/8/2024 2:23:09 PM | SENT |
| Marisa Santoyo | | marisa@hoalegal.com | 7/8/2024 2:23:09 PM | SENT |
| Jack Manning | | jack@hoalegal.com | 7/8/2024 2:23:09 PM | SENT |

Associated Case Party: PhilipJEmerson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Philip JamesEmerson | | findpjemerson@gmail.com | 7/8/2024 2:23:09 PM | SENT |

Associated Case Party: Fred Riter

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Fred Riter | | fred_riter@yahoo.com | 7/8/2024 2:23:09 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Mitchell | 24055987 | nicole_mitchell@txed.uscourts.gov | 7/8/2024 2:23:09 PM | SENT |
| J. Kevin McClendon | 13408620 | kevin.mcclendon@usdoj.gov | 7/8/2024 2:23:09 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Perez on behalf of Laura Cabutto
Bar No. 797102
sperez@mywoodcounty.com
Envelope ID: 89519809
Filing Code Description: ORDER
Filing Description: Order Moving to Strike and Seal Certain Documents
Filed by Defendant Philip J. Emerson
Status as of 7/8/2024 2:54 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| J. Kevin McClendon | 13408620 | kevin.mcclendon@usdoj.gov | 7/8/2024 2:23:09 PM | SENT |
| Jeremy Kernodle | 24032618 | Jeremy_D_Kernodle@txed.uscourts.gov | 7/8/2024 2:23:09 PM | SENT |
| Warren Paxton | 15649200 | Kenneth.Paxton@oag.texas.gov | 7/8/2024 2:23:09 PM | SENT |
| Amanda Ellis | | amanda.ellis@henderson-county.com | 7/8/2024 2:23:09 PM | SENT |
| Lyle Cayce | | pro_se@ca5.uscourts.gov | 7/8/2024 2:23:09 PM | SENT |
| Gleith Mayfield | | gleith.mayfield@txed.uscourts.gov | 7/8/2024 2:23:09 PM | SENT |

Associated Case Party: DianneLeeWeaver

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dianne LeeWeaver | | diannel.weaver@gmail.com | 7/8/2024 2:23:09 PM | SENT |

# Exhibit Jul-12_B

Holly Lake Ranch
Association, Inc.,
Ballots for Lot Owners
& Non-Lot Owners



# Own the Ranch – Control Our Future

The lengthy journey of common area property ownership is nearing completion. Due to a reduction of 9.293 acres, listed in the Letter of Intent (LOI), a revote of the membership is required. This property, located on the south side of the emergency spillway, was conveyed to ERCJ LLC (Eric Ho) as part of the resort sale. As a result, this is considered a substantive change to the original terms requiring a revote. If approved by a vote of the HLRA members, the contract to convey ownership of the common property areas will be formally signed by the HLRA Board of Directions and sent to closing.

## Key Terms of the Purchase and Sales Agreement (Contract):

- ❑ Silverleaf will transfer Common Areas and other select parcels to HLRA.
- ❑ Sales price - $10.
- ❑ HLRA is responsible for closing costs, surveys if needed, title insurance and its own legal fees.
- ❑ HLRA will be assigned as the Developer.
- ❑ HLRA will negotiate an amenity use agreement with the buyer of the Silverleaf Resort property (previous Holiday Inn timeshares/villas).
- ❑ Exhibit A provides a description of the property to be conveyed.

### Voting:

The ballot will be mailed on July 3, 2024, and must be returned by July 25, 2024. The votes will be counted and results announced on July 26, 2024.

A copy of the Contract can be found on the HLRA website under the 'Common Property Transfer' tab. Physical copies of the Contract can be obtained from the HLRA Admin Office. Physical copies of the Contract will not be mailed due to the length of the document.

### Additional Information:

1. HLRA will conduct town hall meetings in Holly Hall, scheduled for Saturday, July 6, 2024, at 10am; and Tuesday, July 9, 2024, at 6pm. Town halls will be video recorded and available for viewing on the HLRA YouTube channel.
2. The HLRA website contains information related to this effort. (Common Property Transfer - Holly Lake Ranch Association)
3. Please email questions to OwnTheRanch@hollylakeinfo.com. Responses will be provided during the town halls.

DIANNE L WEAVER
112 RED LEAF LANE
HOLLY LAKE RANCH, TX 75765



HOLLY LAKE
RANCH

# Holly Lake Ranch Association
# 2024 July Special Election
Absentee Ballot

Texas Property Code Sec. 209.00592(c)(3) requires the following statement to appear on this ballot.

By casting your vote via absentee ballot, you will forgo the opportunity to consider and vote on any action from the floor on these proposals, if a meeting is held. This means that if there are amendments to these proposals your votes will not be counted on the final vote on these measures. If you desire to retain this ability, please attend any meeting in person. You may submit an absentee ballot and later choose to attend any meeting in person, in which case any in-person vote will prevail.

Member Number (Required): _____ZX01890_____ Date _____

Member number can be found on the upper right portion of your monthly statement

Member Name (Print): _____DIANNE L WEAVER_____

Signature (Required): _____

Unsigned ballots WILL NOT be counted in accordance with Texas Property Code Sec. 209.0056(a)

**PLEASE VOTE BY PLACING A CHECK OR "X" IN (1) OF THE BOXES**
(Voting for more than 1 option will invalidate your vote)

Authorize Holly Lake Ranch Association (HLRA) Board of Directors to execute a contract between HLRA and Silverleaf Resorts, LLC (formerly known as Silverleaf Resorts Inc.) for the Acquisition of Common and Recreational Areas and all improvements, based on the terms and consideration, as described in the Purchase and Sales Agreement and Revised Exhibit A (reduction of 9.293 acres included in the original Exhibit A) executed by Silverleaf Resorts, LLC on July 1, 2024, in accordance with the Holly Lake Ranch Association Bylaws, Article IV, Section 1

☐ **Yes**, I approve the execution of a contract for this acquisition.

☐ **No**, I do not approve the execution of a contract for this acquisition.

**Mail your completed ballot to:**

HLRA Election
P.O. Box 690
Hawkins TX 75765-0690

Please mail the entire page and allow ample time for postal delivery.

**Ballots received after 5:00 PM July 25, 2024, WILL NOT BE COUNTED.**

You may also drop your ballot in the ballot box inside the HLRA office.

**\*\*\* BALLOTS PLACED IN THE OUTSIDE DROP BOX OR MAILED TO THE ADMINISTRATION OFFICE WILL NOT BE COUNTED \*\*\***



**HOLLY LAKE RANCH
ASSOCIATION**
P O Box 690
Hawkins, TX 75765

*ELECTION MATERIALS ENCLOSED*





US POSTAGE
$000.64⁹
First-Class - M
ZIP 75765
07/03/2024
0368 0011817788



75765$4503 R002

| Bal. Num | Validator #: | Counter | Counter | Counter | | | | |
|---|---|---|---|---|---|---|---|---|
| B11104 | | | | | | | | |



PHILIP J EMERSON JR
112 RED LEAF LANE
HOLLY LAKE RANCH, TX 75765

# Holly Lake Ranch Association
## 2024 July Special Election
### Absentee Ballot

Texas Property Code Sec. 209.00592(c)(3) requires the following statement to appear on this ballot.

By casting your vote via absentee ballot, you will forgo the opportunity to consider and vote on any action from the floor on these proposals, if a meeting is held. This means that if there are amendments to these proposals your votes will not be counted on the final vote on these measures. If you desire to retain this ability, please attend any meeting in person. You may submit an absentee ballot and later choose to attend any meeting in person, in which case any in-person vote will prevail.

Member Number (Required) _____ZN0505_____   Date _____
Member number can be found on the upper right portion of your monthly statement

Member Name (Print): _____PHILIP J EMERSON JR_____

Signature (Required): _____
Unsigned ballots WILL NOT be counted in accordance with Texas Property Code Sec. 209.0058(a)

**PLEASE VOTE BY PLACING A CHECK OR "X" IN (1) OF THE BOXES**
(Voting for more than 1 option will invalidate your vote)

Authorize Holly Lake Ranch Association (HLRA) Board of Directors to execute a contract between HLRA and Silverleaf Resorts, LLC (formerly known as Silverleaf Resorts Inc.) for the Acquisition of Common and Recreational Areas and all improvements, based on the terms and consideration, as described in the original Purchase and Sales Agreement and Revised Exhibit A (reduction of 9.293 acres included in the original Exhibit A) executed by Silverleaf Resorts, LLC on July 1, 2024, in accordance with the Holly Lake Ranch Association Bylaws, Article IV, Section 1.

☐ **Yes**, I approve the execution of a contract for this acquisition.

☐ **No**, I do not approve the execution of a contract for this acquisition.

**Mail your completed ballot to:**   HLRA Election
P.O. Box 690
Hawkins TX 75765-0690

Please mail the entire page and allow ample time for postal delivery.
**Ballots received after 5:00 PM July 25, 2024, WILL NOT BE COUNTED.**
You may also drop your ballot in the ballot box inside the HLRA office.
*** BALLOTS PLACED IN THE OUTSIDE DROP BOX OR MAILED TO THE ADMINISTRATION OFFICE WILL NOT BE COUNTED ***



**FP** © **US POSTAGE**
**$000.64**
First-Class - M
ZIP 76165
07/03/2024
0368 0011811788



_RIALS ENCLOSED

75765 4503  R002



# Exhibit Jul-12_C

PACER
CORRESPONDENCES



## Account Number 4805074

**PACERMAIL/SAT/AO/USCOURTS** <pacer@psc.uscourts.gov>     Wed, Jul 10, 2024 at 9:58 AM
To: P J Emerson <findpjemerson@gmail.com>

Good morning,

A credit in the amount of $169.40 has been issued to your PACER account.

Reason:  One time courtesy credit.

Your new balance is $0.00.

[Quoted text hidden]


## 4805074 July 2024 PACER Quarterly Invoice

1 message

**DO_NOT_REPLY@psc.uscourts.gov** <DO_NOT_REPLY@psc.uscourts.gov>
To: findpjemerson@gmail.com

Thu, Jul 11, 2024 at 8:08 PM



Please pay the amount below prior to the due date.

| | |
|---|---|
| Account Number: | 4805074 |
| Account Contact: | Philip James Emerson |
| Balance Due: | $169.40 |
| Due Date: | 08/12/2024 |
| | In accordance with the Electronic Public Access fee schedule, fees for this quarter were waived as they totaled $30 or less. However, there is an outstanding balance that is currently due. |

To access the statement:

- Log in to Manage My Account.
- From the **Usage** tab, select **View Quarterly Invoice/Statement of Account**.

Go to Billing for detailed billing transactions, instructions on disputing charges, FAQs, and more.

NOTE: *Please do not reply to this message. If you have questions or comments, please email them to **PACER** or call us at (800) 676-6856.*



# *Invoice*

Public Access to Court Electronic Records

Invoice Date: 07/08/2024

Usage From: 04/01/2024    to: 06/30/2024

### Account Summary

| | | |
|---|---|---|
| **Account #:** | | 4805074 |
| **Invoice #:** | | 4805074-Q22024 |
| **Due Date:** | | 08/12/2024 |
| **Amount Due:** | | $169.40 |

**Pages:**    9
Rate:    $0.10
Subtotal:    $0.90

**Audio Files:**    0
Rate:    $2.40
Subtotal:    $0.00

**Current Billed Usage:**    $0.90
Credit for Usage not Exceeding $30:    <$0.90>

**Previous Balance:**    $169.40
Current Balance:    **$169.40**

### *Total Amount Due:*  $169.40

## Contact Us

San Antonio: (210) 301-6440
Toll Free: (800) 676-6856
Hours: 7 am - 6 pm CT M-F
pacer@psc.uscourts.gov

See pacer.uscourts.gov/billing for instructions on disputing charges, FAQs about the billing process, and more.

To view detailed billing transactions, visit the Manage My Account section of the PACER Service Center website at pacer.uscourts.gov.

The PACER Federal Tax ID is: 74-2747938

Questions about the statement? Visit pacer.uscourts.gov/billing.

## Update Your User Type Selection

PACER and CM/ECF users may notice a prompt to review and update their existing user type selection (e.g., Individual, Attorney, etc.) when logging in. This updated information is essential for understanding users and their needs.

You will have three opportunities to skip this user type update before your account is disabled. To avoid any disruptions, please complete this process when the prompt first appears.

For questions or assistance, please contact the PACER Service Center.

---

*Please detach the coupon below and return with your payment.* **Thank you!**



Public Access to Court Electronic Records

| Account # | Due Date | Amount Due |
|---|---|---|
| 4805074 | 08/12/2024 | $169.40 |

Do not send cash. Make checks or money orders drawn on a U.S. Bank in U.S. dollars payable to: PACER Service Center. Include your account ID on the check or money order.

In accordance with the Electronic Public Access fee schedule, fees for this quarter were waived as they totaled $30 or less. However, there is an outstanding balance that is currently due.

*Visit pacer.uscourts.gov for address changes.*

U.S. Courts: PACER
P.O. Box 5208
Portland, OR 97208-5208

P J Emerson
Philip James Emerson
112 Red Leaf Ln
Holly Lake Ranch, TX 75765

# Exhibit Jul-12_D

U.S. Health & Human
Services - Notice of
Invalid Appeal

DEPARTMENT OF HEALTH & HUMAN SERVICES
MARKETPLACE APPEALS CENTER
P.O. BOX 311
PITTSTON PA 18640

**July 5, 2024**
Notice Number 3075800

**PHILIP J EMERSON JR**
**112 RED LEAF LANE**
**HOLLY LAKE RANCH TX 75765**

Appellant(s): **PHILIP J EMERSON JR**

Case ID: **APL-771679**

## INVALID APPEAL REQUEST

Dear Philip J Emerson Jr:

Your appeal request cannot be accepted at this time for the reason or reasons explained below.

**If you do not take the next step or steps listed below by July 22, 2024, we will dismiss your appeal.** This means your appeal won't continue and the eligibility determination you received won't be changed.

☒ **Your appeal request was untimely.** You didn't file an appeal within 90 days of the date of your eligibility notice. Your eligibility notice was dated **December 26, 2023**. Your appeal request was received on **June 22, 2024**.

**Next Step:** If you believe that your appeal request should be accepted even though you missed the deadline, you must call or write us to explain why your appeal should continue. You must show that you had an exceptional circumstance that caused you to delay filing your appeal.

**How to Contact Us:**

If your next step is to call us, you can contact us at 1-855-231-1751. TTY users can call 711. Hours of operation are Monday through Friday, 7:00 a.m. to 8:30 p.m. Eastern Time (ET).

If your next step is to write us, you can submit your information either:

- **By Mail:** Send your request, including your Case ID, to the address below:

    Marketplace Appeals Center
    P.O. Box 311
    Pittston PA 18640

1

- **By Fax:** Include a cover sheet with your Case ID, and fax your information to our secure fax line at 1-877-369-0129.

**If you don't take the next step or steps by July 22, 2024, we will dismiss your appeal.** This means that your appeal won't continue and the eligibility determination you received won't be changed.

**Please keep a copy of this notice for your records.**

### For More Help
If you have questions about your appeal call the Marketplace Appeals Center at 1-855-231-1751. TTY users can call 711. Hours of operation are Monday through Friday, 7:00 a.m. to 8:30 p.m. Eastern Time (ET).

### Language Assistance Services
If you need help with your appeal in a language other than English, you have the right to get information in your language at no cost. Call the Marketplace Appeals Center at 1-855-231-1751. Hours of operation are Monday through Friday, 7:00 a.m. to 8:30 p.m. Eastern Time (ET).

### Accessibility
To request appeal forms and notices in an alternate format like Braille, large print, data CD, audio CD, or to request a qualified reader, you can call the Marketplace Appeals Center at 1-855-231-1751. TTY users can call 711. Hours of operation are Monday through Friday, 7:00 a.m. to 8:30 p.m. Eastern Time (ET). You can also make a request in writing by fax (1-877-369-0130) or mail (Marketplace Appeals Center, P.O. Box 311, Pittston, PA 18640). Accommodations are provided at no cost to you.

### Privacy Act Statement
The Marketplace protects the privacy and security of information about you that you have provided. To view the Privacy Act Statement, go to HealthCare.gov/individual-privacy-act-statement/. This notice was generated by the Marketplace based on 45 CFR part 155, subpart F. The information used to create this notice was collected from the application you filled out, from your appeal request and other associated materials you may have submitted, and from other data sources through the electronic eligibility verification process to get an eligibility determination for enrollment in a qualified health plan through the Marketplace and insurance affordability programs. For more information about the privacy and security of your information, visit HealthCare.gov/privacy/.

### Nondiscrimination
The Health Insurance Marketplace doesn't exclude, deny benefits to, or otherwise discriminate against any person on the basis of race, color, national origin, disability, sex, or age. If you think you've been discriminated against or treated unfairly for any of these reasons, you can file a complaint with the Department of Health and Human Services, Office for Civil Rights by calling 1-800-368-1019 (TTY: 1-800-537-7697), visiting hhs.gov/ocr/civilrights/complaints, or writing to the Office for Civil Rights/ U.S. Department of Health and Human Services/200 Independence Avenue, SW/ Room 509F, HHH Building/ Washington, D.C. 20201.

Rev 011

CMS I3M-4 (02/24/2022)

## You may be able to get other kinds of help if the Marketplace Appeals Center can't review your appeal.

| If you want to appeal for this reason | You may want to take this action |
|---|---|
| Your health insurance plan has refused to pay a claim for a benefit you think should be covered based on the terms of your plan. | Submit an "internal appeal" to your insurance company, not the Marketplace. Instructions should be in the notice you got from your health insurance company saying that they won't pay your claim.<br><br>If you file an internal appeal and it's denied, you'll get a final denial notice with instructions about your right to request an "external review" from an independent third party." Instructions should be in your final denial notice after an internal appeal and in your health plan documents.<br><br>Visit HealthCare.gov/appeal-insurance-company-decision/appeals/<br>• For more information about how to appeal your health plan's decision<br>• For more information on the difference between health insurance coverage appeals and Marketplace appeals |
| You requested that the Marketplace or your insurance company end your health coverage, but the termination wasn't effective on the date you requested. | You can't appeal, but you can find out if your coverage can be terminated retroactively (that is, as of a date in the past).<br><br>Call the Marketplace Call Center at 1-800-318-2596 and request a "retroactive termination." TTY users can call 1-855-889-4325. Your case may be assigned to a Marketplace case worker.<br><br>For more information about ending your Marketplace coverage, visit HealthCare.gov/how-to-cancel-a-marketplace-plan/.<br><br>If you already contacted the Marketplace Call Center and got a notice that your coverage end date can't be changed, then this is the final decision. It can't be appealed. |
| When you filed your federal income tax return, you owed back some or all of the premium tax credits you used during the year to help pay for your Marketplace coverage. | You can't appeal this issue to the Marketplace Appeals Center, but there are resources to help you confirm that what you owe is correct.<br><br>When you file your federal taxes, you need to "reconcile" the premium tax credit you used in advance—based on your estimated income and other eligibility information—with the premium tax credit you qualify for based on your actual income and other information for the year. If your actual income turned out to be higher than what you entered in your application, or certain other information changed (like family size or access to employer sponsored coverage), you might owe money back at tax time.<br><br>Check your Form 1095-A that you got from the Marketplace, as well as your tax return and make sure that they're both correct. If not, you may need to request a corrected Form 1095-A and/or file an amended tax return.<br><br>Marketplace Form 1095-A has information about the premiums that you paid and financial help that you got during the year. If you think there's a problem with this information, you can call the Marketplace Call Center.<br><br>Contact the IRS if you think there's a problem with your tax return. Only the IRS can resolve issues concerning your taxes. The Marketplace Appeals Center can't review IRS determinations. For more information about health coverage and your federal income taxes, visit HealthCare.gov/taxes/. To learn more about reconciling your premium tax credit when you file taxes, visit HealthCare.gov/taxes-reconciling/. |

For more information, visit HealthCare.gov/marketplace-appeals.

 Health Insurance Marketplace

You have the right to get the information in this product in an alternate format. You also have the right to file a complaint if you feel you've been discriminated against. Visit https://www.cms.gov/About-CMS/Agency-Information/AboutWebsite/CMSNondiscriminationNotice.html, or call the Marketplace Call Center at 1-800-318-2596 for more information. TTY users can call 1-855-889-4325.

CMS Product No 11995
Revised May 2017

# What to do if your Marketplace appeal is "invalid"

If you submit an appeal request and the Marketplace Appeals Center tells you that your appeal is invalid, you might need to take certain actions to get your request considered or find other ways to get help.

When you apply for Marketplace coverage, you get an "Eligibility Results" notice. You'll also get notices from the Marketplace if your eligibility status changes. If you disagree with these Marketplace decisions, you may be able to appeal. This includes results like your eligibility for a Special Enrollment Period, financial help, or an exemption from the requirement to have health insurance. The Marketplace Appeals Center handles each appeal request individually.

## You'll need to take action before you can appeal these types of issues

| If you want to appeal for this reason | You must take this action before the Marketplace Appeals Center considers your appeal |
|---|---|
| You missed the deadline for filing your appeal. | Write to the Marketplace Appeals Center and explain why your appeal request was delayed. It'll let you know if you can still appeal. |
| You disagree with your eligibility notice, and your notice states that you need to upload or mail documents to the Marketplace because some information provided on your application doesn't match its records (also known as a "data matching issue"). | Submit the requested documents to the Marketplace by the deadline in the notice. This may resolve the issue without an appeal. For more information, visit HealthCare.gov/verify-information/send-more-info/. You can appeal only AFTER the Marketplace either verifies the information on your application, or ends your eligibility because it wasn't verified. Visit HealthCare.gov and check your Marketplace account for a "Data Matching Resolution Notice" or a "Data Matching Expiration Notice" about your eligibility. Each of those notices have an explanation of your appeal rights. |
| You got a notice from the Marketplace Appeals Center saying that your employer appealed a Marketplace decision about your eligibility for premium tax credits. | Send information to the Marketplace Appeals Center showing that your employer didn't offer affordable health coverage that met "minimum value" requirements.  (You should have gotten a notice from the Marketplace Appeals Center explaining how to do this.) The Marketplace Appeals Center will send you a notice explaining the outcome of your employer's appeal, and if your eligibility changes. Then, you can file an appeal if you disagree with any decisions about your eligibility. Your notice will include information about your appeal rights and possible next steps. |
| You got a notice that the Marketplace Appeals Center determined you weren't eligible for premium tax credits to help pay for your Marketplace plan because your employer offered you affordable health coverage that met "minimum value" requirements. | Return to your Marketplace application and "Report a life change." (You should have gotten a notice from the Marketplace Appeals Center with instructions.) You'll get an updated eligibility notice with information about your appeal rights. For more information, visit HealthCare.gov/have-job-based-coverage/. |



Mark[...]
P.O. Box 3[...]
Pittston, PA 18640

$0000 64

7676584503 R002

**PROOF OF SERVICE**

I, P J Emerson, the undersigned, certify that this document was served by electronic means on The Honorable United States District Judge Jeremy Kernodle (Jeremy_D_Kernodle@txed.uscourts.gov) and The Honorable Magistrate Judge Katie N. Mitchell (email address: nicole_mitchell@txed.uscourts.gov) in accord with Rule 25(c)(2) because, (1) the manner of service was via EFILETEXAS.gov, and (2) U.S. District Judge Kernodle and Magistrate Judge Mitchell consented to service through EFILETEXAS.gov when (a) each registered as filing users and (b) each is able to be found using the on the Public Service Contact List on the EFILETEXAS.gov platform.

I further certify that this document was served by electronic means on *Mr. Clerk Cayce* via the Fifth Circuit pro se email address (pro_se@ca5.uscourts.gov), and on the Honorable Judge J. Campbell Barker and *Mr. Clerk O'Toole* by email to the deputy clerk of the court (gleith.mayfield@txed.uscourts.gov).

Signed & Dated: July 12, 2024, by:

_____
P J Emerson
112 Red Leaf Lane
Holly Lake Ranch, Texas  75765
(512) 763–7775          *Phone*
findpjemerson@gmail.com     *Email*

# Exhibit Jul-15_A

Screen Clips of Sheriff Texts July 12, 2024

Who is this? 

Sat 1:30 PM

 Corporal Croney with the Sheriffs Office

(903) 850-1972 · Sat 1:31 PM

Your dispatcher (Hunter) hung up on me. That call is recorded. Review, and then respond. Or don't
; car thief, trespasser! 

Sat 1:34 PM

 I have been attempting to call you and speak with you for the reason I responded to your residence.

(903) 850-1972 · Sat 2:07 PM

You have not explained your reasoning for trespassing, harassing me, and now stalking me.

Nor have you explained your dispatcher's conduct, nor your conduct stealing my vehicle.

Start explaining; or, leave me alone thief! 

Sat 3:50 PM

 Type a message

# Exhibit Jul-15_B

Email Notifications of Calls from Sheriff - July 13, 2024



## New voicemail from (903) 850-1972
1 message

**Google Voice** <voice-noreply@google.com>                                    Sat, Jul 13, 2024 at 1:28 PM
To: findpjemerson@gmail.com



What is the score for crony with the Wood County Sheriff's Office? Just returning your call. If you would just call the Sheriff's Office back at 903-763-2201. Thank you.

PLAY MESSAGE

YOUR          HELP          HELP
ACCOUNT       CENTER        FORUM

This email was sent to you because you indicated that you'd like to receive email notifications for voicemail. If you don't want to receive such emails in the future, please update your email notification settings.

Google

Google LLC
1600 Amphitheatre Pkwy
Mountain View CA 94043 USA



## New missed call from (903) 850-1972.

1 message

**Google Voice** <voice-noreply@google.com>                                    Sat, Jul 13, 2024 at 1:29 PM
To: findpjemerson@gmail.com



Hello P J Emerson,

You missed a call from (903) 850-1972.

CALL BACK

YOUR            HELP            HELP
ACCOUNT        CENTER          FORUM

This email was sent to you because you indicated that you'd like to receive email notifications
for missed calls. If you don't want to receive such emails in the future, please update your
email notification settings.

Google

Google LLC
1600 Amphitheatre Pkwy
Mountain View CA 94043 USA


## New missed call from (903) 763-2202.
1 message

**Google Voice** <voice-noreply@google.com>                                    Sat, Jul 13, 2024 at 2:06 PM
To: findpjemerson@gmail.com



Hello P J Emerson,

You missed a call from (903) 763-2202.

CALL BACK

YOUR          HELP          HELP
ACCOUNT       CENTER        FORUM

This email was sent to you because you indicated that you'd like to receive email notifications
for missed calls. If you don't want to receive such emails in the future, please update your
email notification settings.

Google

Google LLC
1600 Amphitheatre Pkwy
Mountain View CA 94043 USA


## New text message from (903) 850-1972

2 messages

**(903) 850-1972** <15127637775.19038501972.2Q3c1Fr-fW@txt.voice.google.com>    Sat, Jul 13, 2024 at 1:31 PM
To: findpjemerson@gmail.com



Corporal Croney with the Sheriffs Office

---

YOUR          HELP          HELP
ACCOUNT       CENTER        FORUM

This email was sent to you because you indicated that you'd like to receive email notifications
for text messages. If you don't want to receive such emails in the future, please update your
email notification settings.

Google

Google LLC
1600 Amphitheatre Pkwy
Mountain View CA 94043 USA

---

**(903) 850-1972** <15127637775.19038501972.2Q3c1Fr-fW@txt.voice.google.com>    Sat, Jul 13, 2024 at 2:07 PM
To: findpjemerson@gmail.com



I have been attempting to call you and speak with you for the reason I responded to
your residence.

[Quoted text hidden]